IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUHAIL ALI, SHALAN ALMANSOOB,
QASEM SALEH, and KASSEM
DUBAISHI, on behalf of themselves and all
other persons similarly situated, known and
unknown,

Plaintiffs,

v.

PIRON, LLC, STEVE HANNAH, CRAIG
MONROE, REYNOLDS QUALITY
INSTALLATIONS, LLC RODERICK
REYNOLDS JR., AERO
COMMUNICATIONS, INC, and
COMCAST CABLE COMMUNICATIONS
MANAGEMENT, LLC,  a Michigan for-
profit company, and owners of said
Michigan for-profit company,

Defendants.

Case No. 4:17-cv-11012

Hon. Linda V. Parker

Magistrate Judge David R. Grand

/

**DEFENDANT COMCAST'S RESPONSE TO MOTION FOR
CONDITIONAL CLASS CERTIFICATION AND COURT
SUPERVISED NOTICE**

# TABLE OF CONTENTS

COUNTER-STATEMENT OF ISSUES PRESENTED ........................................... ii

CONTROLLING OR MOST APPROPRIATE AUTHORITIES ........................... iii

INDEX OF AUTHORITES ................................................................................. iv

INTRODUCTORY STATEMENT ........................................................................1

FACTUAL BACKGROUND .................................................................................3

     A.    Plaintiffs' Complaint Limits The Scope Of The Alleged Class
           To Those Who Worked For Both Reynolds Quality And Piron...........3

     B.    Plaintiffs' Evidence And Allegations Of FLSA Violations
           Identify Reynolds Quality As The Only Wrongdoer. ...........................5

ANALYSIS ............................................................................................................6

     A.    Plaintiffs Lack The Personal Knowledge Needed To Represent
           Those Employees Of Piron Who Were Not Also Employed By
           Reynolds. ..............................................................................................7

     B.    The Collective Action Should Be Limited To Individuals Who
           Worked For Reynolds Quality And Piron Because The Only
           Wrongdoing Alleged Was By Defendant Reynolds Quality. .............11

     C.    Plaintiffs' Motion Is Premature ..........................................................13

     D.    Because The Scope Of Plaintiffs' Proposed Class Is Too Broad,
           Their Proposed Order And Notice Are Also Deficient. ......................14

CONCLUSION ....................................................................................................14

## COUNTER-STATEMENT OF ISSUES PRESENTED

To satisfy the threshold for conditional certification of a collective action under the Fair Labor Standards Act, Plaintiffs must identify an overarching FLSA-violative policy or its equivalent, so that proof the policy violated the FLSA proves that same violation for all class members. This standard requires Plaintiffs present evidence of personal knowledge that the employer applied the FLSA-violating policy to each member of the putative class. In other words, Plaintiffs must present evidence that all members of the class they wish to conditionally certify are similarly situated to them.

1)   Where Plaintiffs allege they were shared employees of two companies, Reynolds Quality and Piron, one of which (Piron) has FLSA-compliant policies that the other (Reynolds Quality) allegedly ignored or purposefully violated, should the Court limit any conditional certification to those individuals jointly employed by both companies?

2)   Where Plaintiffs do not present evidence that any employee solely employed by Piron was subjected to a FLSA-violating policy or paid improperly, should the court exclude such employees from conditional certification?

Comcast answers "Yes" to both questions.

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Adair v. Wisconsin Bell, Inc.*,
  No. 08-C-280, 2008 WL 4224360 (E.D. Wis. Sept. 11, 2008)

*Demorris v. Rite Way Fence, Inc.*,
  No. 14-cv-13777, 2015 WL 12990483 (E.D. Mich. Mar. 30, 2015)

*O'Brien v. Ed Donnelly Enterprises, Inc.*,
  575 F.3d 567 (6th Cir. 2009)

*Pacheco v. Boar's Head Provisions Co.*,
  671 F. Supp.2d 957 (W.D. Mich. 2009)

*Shabazz v. Asurion Ins. Serv.*,
  No. 3:07-0653, 2008 WL 1730318 (M.D. Tenn. Apr. 10, 2008)

iii

## INDEX OF AUTHORITES

**Cases**

*Adair v. Wisconsin Bell, Inc.*,
   No. 08-C-280, 2008 WL 4224360 (E.D. Wis. Sept. 11, 2008)............................11

*Arrington v. Michigan Bell Tel. Co.*,
   No. 10-10975, 2011 WL 3319691 (E.D. Mich. Aug. 1, 2011) ...........................10

*Brown v. Citicorp Credit Servs., Inc.*,
   No. 1:12-cv-00062, 2013 WL 4648546 (D. Idaho Aug. 29, 2013).......................9

*Campbell-Ewald Co. v. Gomez*,
   136 S. Ct. 663 (2016) ..........................................................................6

*Cason v. Vibra Healthcare*,
   No. 10-10642, 2011 WL 1659381 (E.D. Mich. May 3, 2011)............................10

*Demorris v. Rite Way Fence, Inc.*,
   No. 14-cv-13777, 2015 WL 12990483 (E.D. Mich. Mar. 30, 2015) ....................8

*Hawkins v. Alorica, Inc.*,
   287 F.R.D. 431 (S.D. Ind. 2012) ............................................................11

*O'Brien v. Ed Donnelly Enterprises, Inc.*,
   575 F.3d 567 (6th Cir. 2009)...................................................................6

*Olivo v. GMAC Mortg. Corp.*,
   374 F. Supp.2d 545 (E.D. Mich. 2004) ......................................................6

*Pacheco v. Boar's Head Provisions Co.*,
   671 F. Supp.2d 957 (W.D. Mich. 2009)................................................. 7, 12

*Saleen v. Waste Mgmt., Inc.*,
   649 F. Supp. 2d 937 (D. Minn. 2009) ......................................................12

*Shabazz v. Asurion Ins. Serv.*,
   No. 3:07-0653, 2008 WL 1730318 (M.D. Tenn. Apr. 10, 2008)..........................9

*Swinney v. Amconn Telecommunications, Inc.*,
   No. 12-12925, 2013 WL 28063 (E.D. Mich. Jan. 2, 2013)................................10

*Wlotkowski v. Michigan Bell Tel. Co.*,
   267 F.R.D. 213 (E.D. Mich. 2010)........................................................................14

**Statutes**

29 C.F.R. § 778.111 .............................................................................................12

29 C.F.R. § 778.418 .............................................................................................12

## INTRODUCTORY STATEMENT

At this early stage, Comcast neither supports nor opposes the conditional certification of a collective action in this case.   Plaintiffs are not seeking certification of Comcast employees or any other individuals known to Comcast. But in the event conditional certification is determined to be appropriate, it must be limited to those persons alleged to be jointly employed by Defendants Piron *and* Reynolds Quality rather than what Plaintiffs set forth in their motion, i.e., all employees of Defendants Piron *or* Reynolds Quality.   In other words, employees of Piron who had nothing to do with Reynolds Quality should not be part of any conditional certification.

Plaintiffs' Complaint repeatedly acknowledges they were, at best, *shared* employees of Piron and Reynolds Quality.   While Plaintiffs make conclusory allegations that both entities paid them at some time, Reynolds Quality solely committed the only erroneous pay practices they identify.   Plaintiffs lack personal knowledge of and made no allegations concerning how Piron paid employees who worked only for it and did not also work for Reynolds Quality.   While Plaintiffs' Complaint and motion are replete with descriptions of Reynolds' alleged improper pay practices, they present no evidence of and make no argument regarding an illegal pay policy instituted by Piron; indeed, the only evidence they provide concerning Piron is a Piron handbook containing pay policies that are FLSA

1

compliant. Plaintiffs have claimed — at most — that Reynolds Quality was a rogue contractor that ignored or purposely violated the FLSA and Piron's valid pay policies. Based on these fatal deficiencies, any class, if conditionally certified at this early point, should be limited to that pleaded by Plaintiffs in their Complaint, i.e., those individuals allegedly employed by *both* Reynolds Quality *and* Piron. Complaint, Doc #1, ¶¶ 29, 43-44, 50, 55, Pg ID 9, 12, 14, 16.

Moreover, Plaintiffs do not allege or present evidence that the relationship between Reynolds Quality and Piron existed outside the limited time period during which they claim they were jointly employed by the two entities. The class should therefore be further limited to the three-month time period during which Plaintiffs allege they worked for Piron and Reynolds Quality or at least to that period of time within the past three years during which Piron and Reynolds Quality jointly employed any individuals who they assigned to perform cable technician services for Comcast customers through Aero Communications. Alternatively, Plaintiff's motion should be denied to allow some phased discovery to take place, including the Plaintiffs' depositions and an inquiry — limited to Piron and Reynolds Quality — as to whether other employees were shared between the two entities and if so whether they are "similarly situated" for purposes of conditionally certifying a class.

2

## FACTUAL BACKGROUND

Plaintiffs' motion for conditional class certification does not involve Comcast, Comcast employees, or any Comcast records, policies, or other company information.  Plaintiffs acknowledge in their Complaint that the identities of any putative members of this collective action "are known only to Defendant Piron and Defendant Reynolds Quality."  Complaint, Doc #1, Pg ID 17, ¶ 62.[1]

### A.    Plaintiffs' Complaint Limits The Scope Of The Alleged Class To Those Who Worked For Both Reynolds Quality And Piron.

Plaintiffs' Complaint repetitively makes clear the manner in which the Court should apply the conditional certification standard.  The Complaint identifies the putative collective action — and therefore those who should receive notice — as those individuals who were employed by both Defendant Reynolds Quality Installations *and* Defendant Piron, LLC:

- "Plaintiffs worked both directly and indirectly for Defendant Piron and Defendant Reynolds Quality . . . and were paid by both Defendant Piron and Reynolds Quality." Doc #1, Pg ID 9, ¶ 29.

- "When Plaintiff began working for Defendant Piron and Defendant Reynolds Quality, they were each assigned trainers . . . . Defendant Piron and Defendant Reynolds Quality made multiple different statements to the Plaintiffs regarding the amount they would be paid." Doc #1, Pg ID 12, ¶¶ 43-44.

---

[1] Comcast acknowledges Plaintiffs allege that all Defendants, including Comcast, are "joint employers."  Those allegations do not apply to the issues raised here. Although this is not an appropriate context in which to address those claims, they lack merit as to Comcast.

3

- "Supervisors at Defendant Piron and Defendant Reynolds Quality told [Plaintiffs] that they could not work for anyone else . . .  Upon information and belief, Defendant Piron and Defendant Reynolds Quality had a policy . . . ")  Doc #1, Pg ID 14, ¶ 50.

- "Plaintiffs brought the issue of improper payment . . . to the attention of Defendant Piron and Defendant Reynolds Quality . . . Plaintiffs ultimately ended up leaving the employment relationship with Defendant Piron and Defendant Reynolds Quality because they were not paid for all the time they worked for Defendants." Doc #1 Pg ID 16, ¶ 55.

Consistent with these allegations, Plaintiffs' Complaint describes  the appropriate class for their collective action as "All individuals who worked at any time during the past three years for the Defendant Piron *and* Defendant Reynolds Quality as cable technicians . . . ." Doc #1, Pg ID 17, ¶ 59 (emphasis added).

While the Complaint identifies the alleged collective action as only those individuals who worked for *both* Reynolds Quality *and* Piron, Plaintiffs' current motion and proposed order seek to expand the scope of the collective action and ask the Court to certify something altogether different: "employees . . . of Defendant Piron *or* Defendant Reynolds Quality. . ." Doc #4, Pg ID 260 and Doc #4-2, Pg ID 284. *See also* Plaintiffs' proposed Notice of Right to Opt-In Lawsuit, Doc # 4-3, Pg ID 288.  This expanded class is not supported by the Complaint or the information contained in Plaintiffs' declarations.

4

**B.    Plaintiffs' Evidence And Allegations Of FLSA Violations Identify Reynolds Quality As The Only Wrongdoer.**

Plaintiffs' own declarations and attached evidence provide that the only potential FLSA violations were by Reynolds Quality:

- Defendant Monroe had no pay information and directed Ali to talk with Defendant Reynolds.  Plaintiff Ali's declaration, Doc #1-5, Pg ID 111-13; Doc #4-4, Pg ID 295-97.

- Checks came from Reynolds, who owns Reynolds Quality, and who told Almansoob "the company gets 35% of what [he] earns."  Plaintiff Almansoob's declaration, Doc #1-6, Pg ID 117; Doc #4-5, Pg ID 301.

- All payments came from Reynolds, and it was later confirmed to him by others that the problem was "Craig Monroe and Roderick Reynolds were stealing our wages."  Plaintiff Saleh declaration, Doc #1-7, Pg ID 120-23; Doc #4-6, Pg ID 304-07.

- All pay came from Reynolds; when Dubaishi confronted Piron, its owner explained Piron was paying Reynolds all of what Plaintiffs were owed but it appeared Monroe and Reynolds were "pocketing the money that they were supposed to be paying [Dubaishi]."  Plaintiff Dubaishi declaration, Doc #1-8, Pg ID 126-29; Doc #4-7, Pg ID 310-13.

The only allegations or evidence concerning Piron are contained in the portions of the Piron handbook Plaintiffs attached to their Complaint and this motion.  According to those Piron excerpts, to the extent Plaintiffs' allegations are accurate, Reynolds paid them in violation of — not pursuant to — any Piron policy.  Doc #1-10, Pg ID 147 (Piron pays trainees $8.15 per hour and trainees are not allowed to work overtime; Piron technicians are allowed opportunity to avoid chargebacks by promptly fixing work).  *See also*, Doc #4-9, Pg ID 332.

5

For the reasons set forth below, Comcast requests that the collective action, if conditionally certified, be limited to the class pleaded by Plaintiffs in their Complaint and their declarations, i.e., those cable technicians shared by *both* Reynolds *and* Piron.

## ANALYSIS

The Sixth Circuit has held that those individuals eligible for an opt-in collective class under the Fair Labor Standards Act ("FLSA") must be "similarly situated." This standard is satisfied when Plaintiffs "suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 585 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016). To be similarly situated, Plaintiffs need to show that they and other employees "were victims of a common policy or plan that violated the law." *Olivo v. GMAC Mortg. Corp.*, 374 F. Supp.2d 545, 547-49 (E.D. Mich. 2004). Where a single overarching policy violating the FLSA is not present, only a compelling factual nexus that clearly and similarly ties the putative victims together can justify conditional certification:

> In the FLSA context, even though the proofs as to any one plaintiff may be individualized and distinct, courts have consistently required the plaintiffs to show that the class members were together the victims of "a single decision, policy, or plan" before they will certify a collective action. *See, e.g.*, *Olivo*, 374 F. Supp.2d at 548 (noting that prior to discovery, the plaintiff must make a modest factual showing

6

that they and the potential plaintiffs were "victims of a common policy or plan that violated the law"); *Clarke v. Convergys Customer Mgmt. Group, Inc.*, 370 F. Supp.2d 601, 605 (S.D. Tex. 2005) (holding that notice is only appropriate when there is some factual nexus which binds the named plaintiffs and potential class members together as victims of a particular alleged [policy or practice]"); *Moss v. Crawford & Co.*, 201 F.R.D. 398, 409-10 (W.D. Pa. 2000) (requiring the plaintiffs to produce "substantial evidence" of a "single decision, policy or plan"); *Thompson v. Speedway Super America LLC*, No. 08-cv-1107, 2009 WL 130069, at *1 (D. Minn. Jan. 20, 2009) (noting that to receive certification as a class, employees must "come forward with evidence establishing a colorable basis for their claim that the putative class members were together the victims of a single decision, policy, or plan"); *Hinojos v. Home Depot, Inc.*, No. 2:06-cv-108, 2006 WL 3712944, at *2 (D. Nev. Dec. 1, 2006) (holding that to be similarly situated, there must be a factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged policy or practice).

*Pacheco v. Boar's Head Provisions Co.*, 671 F. Supp.2d 957, 961 (W.D. Mich. 2009). While Plaintiffs' burden at the conditional certification stage may be "modest," as Plaintiffs argue, Doc# 4, Pg ID 267, it is not non-existent.

## A. Plaintiffs Lack The Personal Knowledge Needed To Represent Those Employees Of Piron Who Were Not Also Employed By Reynolds.

Plaintiffs' motion for conditional certification is overbroad and otherwise deficient because Plaintiffs do not have personal knowledge of and do not allege pay policies and practices outside of Reynolds' alleged illegal practices. Plaintiffs allege that Reynolds Quality and Piron shared employment of them, and that Reynolds Quality improperly paid them, but allege no facts indicating any individual beyond the four of them were subject to the alleged sharing and

7

improper payment. Further, they have not described any personal knowledge of how Piron paid its own cable technicians. Thus, while Plaintiffs may have established a nexus among themselves – i.e., that they were all potentially improperly paid by Reynolds Quality – they know nothing about whether Piron cable technicians who had no relationship with Reynolds were mis-paid; in fact, assuming Piron paid its cable technicians in accordance with its handbook, Piron was fully compliant with the FLSA.

Under circumstances where there is no pay practice or policy that transcends the entire class, courts have limited conditional certification to potential opt-in class members about whom the plaintiffs have personal knowledge of how those putative class members were paid. *Demorris v. Rite Way Fence, Inc.*, No. 14-cv-13777, 2015 WL 12990483 (E.D. Mich. Mar. 30, 2015).[2]  In *Demorris*, for example, the plaintiff sought to conditionally certify employees who worked for two different companies and three individuals, claiming he had personal knowledge of "other similarly situated employees who were paid on the same basis as him." *Id.* at *3. As the court observed, however, the plaintiff did "not provide any relevant facts to support what he refers to as his personal knowledge [and] also does not go so far as to describe how he came to realize that others were affected by Defendants' policy." *Id.* Because the plaintiff did not "'offer anything to

---

[2] Copies of all cited unpublished cases are attached in alphabetical order as Exhibit A.

establish that he had any personal knowledge that the alleged policy in question was the same with respect to all' individuals employed by Defendants," the court denied conditional certification. *Id.* at *4. Similarly, in *Shabazz v. Asurion Ins. Serv.*, No. 3:07-0653, 2008 WL 1730318, at *5 (M.D. Tenn. Apr. 10, 2008) the court held that plaintiffs, who all worked at the employer's Nashville call centers, could not conditionally certify those employees in the company's Houston facility because the plaintiffs lacked personal knowledge of how company policies had been applied to the Houston employees. The fact that one of the plaintiffs claimed he regularly spoke with Houston employees who relayed that they also were not compensated for off-the-clock duties simply did not equate to personal knowledge that the Houston employees were similarly situated. *Id.* *See also Brown v. Citicorp Credit Servs., Inc.,* No. 1:12-cv-00062, 2013 WL 4648546, at *3 (D. Idaho Aug. 29, 2013) (Plaintiff lacked personal knowledge beyond her specific workplace).

Plaintiffs' personal knowledge is limited only to how Reynolds Quality paid them during the time they claimed to be joint or shared employees of Piron and Reynolds Quality. Plaintiffs do not know — and do not claim in their Complaint or declarations to know — how Piron paid its own cable technicians. Because Plaintiffs have not alleged or presented evidence that any Piron cable technician who did not also work for Reynolds Quality suffered an improper pay practice,

9

Plaintiffs' conditional certification, if allowed, should be limited to only those individuals who worked concurrently for *both* Reynolds Quality *and* Piron.

Plaintiffs also have not alleged or presented evidence that anyone was improperly paid outside the three-month period some or all of them worked for Reynolds Quality, nor have they alleged any period of time during which Piron and Reynolds Quality acted as joint employers. They do not even allege the time period Reynolds was under contract with Piron to supply cable technicians. Conditional certification should be further limited to the three-month period identified by Plaintiffs — April to June 2016 — at least absent discovery that shows a broader time period is warranted. See *Arrington v. Michigan Bell Tel. Co.*, No. 10-10975, 2011 WL 3319691 at *5 (E.D. Mich. Aug. 1, 2011) (where plaintiffs do not allege – or allege only in conclusory terms – that other employees suffered the same harm pursuant to the same FLSA violating policy, a broad class cannot be even conditionally certified); *Cason v. Vibra Healthcare*, No. 10-10642, 2011 WL 1659381 at *2 (E.D. Mich. May 3, 2011) (same). *Accord, Swinney v. Amconn Telecommunications, Inc.*, No. 12-12925, 2013 WL 28063 at *8 (E.D. Mich. Jan. 2, 2013). Moreover, due to the joint employer allegations against Defendants Comcast and Aero, the conditional class should be further limited to those cable technicians jointly employed by Piron and Reynolds Quality who were also assigned to perform services for Comcast customers through Aero.

10

**B.     The Collective Action Should Be Limited To Individuals Who Worked For Reynolds Quality And Piron Because The Only Wrongdoing Alleged Was By Defendant Reynolds Quality.**

The only overarching pay policies Plaintiffs attach to their Complaint or motion are Piron's FLSA-compliant pay policies.  Doc #1-10, Pg ID 147; Doc #4-9, Pg ID 332.  The alleged wrongdoing, then, is that a single contractor to Piron, Reynolds Quality, paid Plaintiffs in violation of Piron's legitimate pay policies. Under analogous circumstances — where putative plaintiffs have alleged wrongful pay practices attributable to only a few supervisors, as opposed to a wrongful pay policy — courts have denied conditional certification because the plaintiff or plaintiffs have alleged, at best, improper pay by one or two rogue supervisors who either do not know company policy or have chosen to violate it.  *See, e.g.*, *Hawkins v. Alorica, Inc.*, 287 F.R.D. 431, 440-41 (S.D. Ind. 2012) (denying conditional certification of collective action where the plaintiff's allegations challenged pay practices of only two isolated supervisors).

In *Adair v. Wisconsin Bell, Inc.*, No. 08-C-280, 2008 WL 4224360 (E.D. Wis. Sept. 11, 2008), the court denied conditional certification where the two plaintiffs pleaded a policy of not paying overtime, but then alleged improper pay practices only by their own respective supervisors:  "Alleged FLSA violations stemming from the enforcement decisions of individual supervisors, rather than a company-wide policy or plan are not appropriate for collective treatment."  *Id.* at

11

*7-8. *See also Pacheco v. Boar's Head*, 671 F. Supp. 2d at 966 (where employer had written policy that complied with FLSA, "any failure to follow the policy will be unique to specific departments and supervisors," and thus not appropriate for conditional certification); *Saleen v. Waste Mgmt., Inc.*, 649 F. Supp. 2d 937 (D. Minn. 2009) (denying class certification where employer had FLSA-compliant policy and Plaintiffs' evidence, at most, showed that isolated managers either did not follow or did not know the policy).

The principles governing these "rogue supervisor" cases apply here and also indicate that, if certified, the collective action should be limited to individuals alleged to be jointly employed by Piron and Reynolds Quality. Piron paid its own cable technicians according to FLSA-compliant polices, but Reynolds — a "rogue contractor" to Piron — allegedly did not. Piron's policies require Piron to pay its trainees the hourly rate of $8.15, which is in excess of the $7.25 minimum wage; prohibit its trainees from working more than 40 hours per week during training; and require its technicians be given the opportunity to correct any erroneous work. Doc# 1-10, Pg ID 147; Doc# 4-9, Pg ID 332. Where Plaintiffs attached checks from Piron (as opposed to from Reynolds), the checks demonstrate that Piron used a formula that based pay on the number of hours worked during that work week as any piece work pay practice requires. Doc# 1-9, Pg ID 131, 140; Doc# 4-8, Pg ID 315-317. See 29 C.F.R. § 778.111; 29 C.F.R. § 778.418.

Plaintiffs present no evidence that any individual working solely for Piron was paid improperly; indeed, the evidence Plaintiffs present demonstrates that when Piron paid Plaintiffs, it did so correctly. Because Plaintiffs have alleged nothing more than improper payment by Reynolds Quality, any conditional certification and notice should extend no further than those individuals alleged to be jointly employed by both Reynolds Quality and Piron during the relevant time period.

### C.    Plaintiffs' Motion Is Premature

Curiously, while Plaintiffs named alleged wrongdoers Reynolds Quality, its owner Roderick Reynolds, and its agent Craig Monroe as Defendants, they have not made any significant attempts to serve them. Plaintiffs represented to the undersigned counsel that they would file for alternative service and/or for a default judgment against the Reynolds Defendants, but have not done either. And Comcast believes it would not take much effort for Plaintiffs to locate the Reynolds Defendants. In light of Plaintiffs' allegations that Reynolds Quality and its agents are the real culprits and their failure to make any significant attempt to serve them, Plaintiffs' motion for conditional certification is premature.

13

**D.      Because The Scope Of Plaintiffs' Proposed Class Is Too Broad, Their Proposed Order And Notice Are Also Deficient.**

Plaintiffs' proposed Order and Notice fail to account for any of the problems identified here.  For example, both incorrectly define the scope of the collective action as cable technicians of Reynolds Quality *or* Piron, and neither mention Defendant Aero as a limitation.  See Doc # 4-2, Pg ID 284, Doc #4-3, Pg ID 288-89.  Similarly, Plaintiffs ask the Court to order *all* Defendants to provide relief, including computer generated class lists, even though Plaintiffs acknowledge that only Defendants Piron and Reynolds Quality possess this information.  Doc #1, Pg ID 17, ¶ 62.  See Doc #4-2, Pg ID 283-84.  Plaintiffs also improperly seek production of three different means by which to notify potential class members: (1) home addresses; (2) phone numbers; and (3) emails.  *Id.  See Wlotkowski v. Michigan Bell Tel. Co.*, 267 F.R.D. 213, 220 (E.D. Mich. 2010) (sending notice via two means is inappropriate because "reminder notice is unnecessary and potentially could be interpreted as encouragement by the court to join the lawsuit").  Accordingly, any Order and Notice should be formulated by mutual agreement after the Court considers and decides a ripe motion.

## CONCLUSION

Defendant Comcast respectfully requests that the Court, if it finds any conditional certification is warranted, limit that certification to only those cable

technicians ostensibly employed by both Reynolds Quality *and* Piron who were assigned to perform services for Comcast customers through Aero, and otherwise limit the class, order, and notice as set forth here.  Alternatively, the Court should order limited discovery, including depositions of Plaintiffs, on the issue of whether other employees were "similarly situated" to Plaintiffs for purposes of conditionally certifying a class.

<div style="margin-left: 40%;">

Respectfully Submitted,

KIENBAUM OPPERWALL
   HARDY & PELTON, P.L.C.
By: */s/Julia Turner Baumhart*
   Eric J. Pelton (P40635)
   Julia Turner Baumhart (P49173)
Attorneys for Defendant
280 N. Old Woodward Avenue
Suite 400
Birmingham, Michigan 48009
(248) 645-0000
epelton@kohp.com
jbaumhart@kohp.com

</div>

Dated: July 10, 2017

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 10, 2017, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record who have appeared to date.

<div align="right">

*/s/Julia Turner Baumhart*
Julia Turner Baumhart (P49173)
Kienbaum Opperwall Hardy
 & Pelton, P.L.C.
280 N. Old Woodward Ave. Ste. 400
Birmingham, MI  48009
(248) 645-0000
jbaumhart@kohp.com

</div>

276432

16