# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SUHAIL ALI, SHALAN ALMANSOOB,
QASEM SALEH, and KASSEM DUBAISHI,
*on behalf of themselves and all other persons
similarly situated, known and unknown,*

   Plaintiffs,         Civil Case No. 17-11012
                  Honorable Linda V. Parker

v.

PIRON, LLC, STEVE HANNAH, CRAIG
MONROE, REYNOLDS QUALITY
INSTALLATIONS, LLC, RODERICK
REYNOLDS JR., AERO
COMMUNICATIONS, INC, and
COMCAST CABLE COMMUNICATIONS
MANAGEMENT, LLC, a Michigan
company,

   Defendants.
_____/

## OPINION AND ORDER GRANTING THE PARTIES' JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT (ECF NO. 95)

Plaintiffs filed this putative collective action claiming that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay overtime compensation. The Court conditionally certified the matter as a collective action. (ECF No. 76.) Thereafter, the parties engaged in a settlement conference before Magistrate Judge Grand, where a settlement was reached. Plaintiffs subsequently

filed a Joint Motion for Approval of FLSA Settlement. (ECF No. 95.) For the reasons that follow, the Court is granting the motion.

I. **Applicable Law**

When reviewing a proposed FLSA settlement, the court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. There are several factors courts consider in making this determination:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks and citation omitted); *see also Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1241 (M.D. Fla. 2010).

Where the settlement agreement includes the payment of attorney's fees, the court must assess the reasonableness of that amount. *Wolinsky*, 900 F. Supp. 2d at 336 (citing cases finding judicial review of the fee award necessary). "[T]he Court must carefully scrutinize the settlement and the circumstances in which it was reached, if only to ensure that 'the interest of [the] plaintiffs' counsel in counsel's own compensation did not adversely affect the extent of the relief counsel procured

for the clients.' " *Id.* (quoting *Cisek v. Nat'l Surface Cleaning, Inc.*, 954 F. Supp. 110, 110-11 (S.D.N.Y. 1997)).

**II. Analysis**

After reviewing the pleadings and the parties' joint motion, the Court finds that the parties' proposed settlement represents a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1355.

The Court first turns to the potential range of recovery. In their brief, the parties dispute the range of recovery. Consequently, the range of recovery is stated to be between *de minimis* and $68,640.00, excluding attorneys' fees. The proposed settlement amount is $26,344.94. The parties have found and agreed that this amount is reasonable.

Next, the Court looks to the extent that settlement will enable the parties to avoid additional burdens and expenses. With the proposed settlement, the parties will not have to incur the burden and expense of trial.

The third factor to consider is the litigation risks faced if the settlement is not approved. Here, both parties face risks if the Court does not approve settlement because there is a *bona fide* dispute as to an issue of employment law and whether Defendants jointly employed Plaintiffs. The resolution of this dispute creates risks either to Plaintiffs' potential award or Defendants' potential exposure.

3

Fourth, the Court considers whether the settlement agreement is the product of arm's-length bargaining. The parties reached their settlement during a settlement conference before Magistrate Judge Grand; therefore, the Court concludes that the settlement is the product of arm's-length bargaining.

Finally, the Court must consider whether fraud or collusion occurred in reaching the proposed settlement. The Court has found no reason to suspect fraud or collusion neither have the parties advanced any such reason.

The Court also approves the parties' proposed settlement with respect to attorneys' fees and costs. "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F.Supp.2d at 336 (internal citation omitted). However, the Court is required to carefully examine the settlement "to ensure that the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients.'" *Id.* (internal citation omitted). The Court finds that the amount allocated for attorneys' fees is fair and reasonable considering the result reached in this case and the total number of hours that Plaintiffs' counsel dedicated to this matter.

## III. Conclusion

Accordingly,

**IT IS ORDERED**, that the Joint Motion for Approval of FLSA Settlement (ECF No. 95) is **GRANTED**; and

**IT IS FURTHER ORDERED**, that this action is **DISMISSED** with prejudice.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: April 12, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 12, 2019, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager